UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA D. BRODSKY,<br><br>                Plaintiff,<br><br>        vs.<br><br>ISIDRO BACA et al.,<br><br>                Defendants. | 3:15-cv-00223-RCJ-VPC<br><br>**ORDER** |

This is a prisoner civil rights complaint under 42 U.S.C. § 1983. The Court grants the application to proceed *in forma pauperis* and now screens the complaint under 28 U.S.C. § 1915A.

I.     **FACTS AND PROCEDURAL HISTORY**

Plaintiff Joshua Brodsky is a prisoner in the custody of the Nevada Department of Corrections ("NDOC") at Northern Nevada Correctional Center ("NNCC"). Plaintiff lists three claims in his Complaint. First, Plaintiff alleges a violation of the Free Exercise Clause of the First Amendment resulting from failure to provide kosher services. He notes that NNDC pays a Jewish rabbi to consult as to kosher practices but alleges that the rabbi's consultations have not led to practices that satisfy Plaintiff's perceptions of kosher requirements. For example, Plaintiff appears to allege that the Sabbath candles should be lighted 18 minutes prior to sunset on Friday and the service concluded on Saturday (after sunset on Friday), but that the service currently

begins at 2 p.m. on Fridays, far before sunset.  Plaintiff also alleges that he is required to eat in the main dining room on Jewish holidays such as Passover, but his faith does not permit him to "come in contact [with] or consume" leavened bread on those days.  Second, Plaintiff brings a claim for defamation based on an April 11, 2015 incident where one Defendant allegedly stated, "You Jews would do anything to take your food out," when Defendant refused to eat in the main dining room.  Third, Plaintiff alleges a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") based on the acts alleged under the first claim.

## II. LEGAL STANDARDS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair

notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on

fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. ANALYSIS

#### A. The Present Case

The Court dismisses the defamation claim for failure to state a claim, without leave to amend. The alleged defamatory statement was not a claim of fact, but a statement of opinion not actionable under the law of defamation. A reasonable person would not be likely to understand the remark as stating an existing fact as opposed to expressing the speaker's opinion. *See Wynn v. Smith*, 16 P.3d 424, 431 (Nev. 2001). Here, the fact that the statement was in the subjunctive mode as opposed to the indicative makes it clear that it was a statement of opinion.

The Court dismisses the First Amendment and RLUIPA claims for failure to state a claim, with leave to amend. As to Plaintiff's complaint about the time of Sabbath services, Plaintiff appears to admit he is able to attend services on Friday afternoon at 2 p.m. and to light the Sabbath candles so that they are lit by the appropriate time (18 minutes before sunset on Friday). He does not allege that the candles are not lit by the appropriate time or that he is not permitted to leave the candles burning in the chapel until sunset on Saturday (the time he implies they should be left to burn). He only alleges that he is not permitted to light the candles at exactly 18 minutes before sunset on Friday. But the provision of otherwise appropriate religious services near but not exactly at the precise time of day an inmate desires is not a "substantial burden" under RLUIPA unless it is "'oppressive' to a 'significantly great' extent." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005) (quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)). If the word "substantial" under RLUIPA is to mean anything, it must stand for the proposition that even before the compelling interest test is applied, some burdens, although they are in fact burdens on religious practice, are so relatively

minor that a prison will not be made to accommodate them.  Prisons are not bound to accommodate all of the exacting minutiae of inmates' religious practices.  The provision of Sabbath services on Friday afternoon, with the ability to light the candles before sunset and to leave them burning throughout the Sabbath, is not a substantial burden under RLUIPA and not a violation of the Free Exercise Clause.

As to Plaintiff's complaint that he is required to eat in the main dining room, Plaintiff does not allege that he is forced to eat or touch leavened bread.  Presumably, he means to imply that leavened bread is served to others in the same room, but he has not alleged that he is not permitted by his faith to be in the same room as leavened bread.

### B.     Third Strike

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The Court notes that Plaintiff has hereby incurred his third "strike" under the Prison Litigation Reform Act.  First, Plaintiff's civil rights complaint in Case No. 2:14-cv-1064 was dismissed for failure to state a claim.  Second, Plaintiff's complaint in Case No. 3:15-cv-9 was dismissed for failure to state a claim.  Although Plaintiff's pleading in that case was titled as a habeas corpus petition, Plaintiff included claims for violation of the Eighth Amendment and the Americans with Disabilities Act, and a prisoner may not avoid a "strike" under § 1915(g) by artfully titling his pleadings.  *See Andrews v. King*, 398 F.3d 1113, 1122 n.12 (9th Cir. 2005).  Had the court in that case adjudicated the habeas corpus claim alone and dismissed the civil rights claims for lack of jurisdiction, Plaintiff might have avoided a "strike" under the statute, but the court in fact dismissed the pleading in its entirety "with prejudice for failure to state claims" after discussing the substance of the civil rights claims.  Plaintiff did not

appeal. Third, the present dismissal for failure to state a claim is a "strike" under the statute, because even the amendable claims have been initially dismissed for failure to state a claim. *See O'Neal v. Price*, 531 F.3d 1146, 1154 (9th Cir. 2008).

## CONCLUSION

IT IS HEREBY ORDERED that the Application for Leave to Proceed in Forma Pauperis (ECF No. 6) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall DETACH and FILE the Complaint (ECF No. 1-1). The defamation claim is dismissed without leave to amend, and the First Amendment and RLUIPA claims are dismissed with leave to amend.

IT IS FURTHER ORDERED that the Motion for Temporary Injunction (ECF No. 5) is DENIED.

IT IS SO ORDERED.

Dated this 3rd day of December, 2015.

_____
ROBERT C. JONES
United States District Judge